NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0424n.06

No. 08-5877

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
**Jun 15, 2009**
LEONARD GREEN, Clerk

UNITED STATES OF AMERICA,  )
                           )
         Plaintiff-Appellee,  )
                           )
v.                         )    ON APPEAL FROM THE UNITED
                           )    STATES DISTRICT COURT FOR
TIMOTHY JOHN MORGAN,       )    THE EASTERN DISTRICT OF
                           )    KENTUCKY
         Defendant-Appellant.  )
                           )
                           )

Before: NORRIS, BATCHELDER, and KETHLEDGE, Circuit Judges.

KETHLEDGE, Circuit Judge. Timothy John Morgan appeals his sentence following his guilty plea to drug-conspiracy and firearms charges. Morgan argues that the district court erred in holding him responsible for 50 ounces or more of methamphetamine. We reject his arguments, and affirm.

I.

In July and August 2007, government agents used a confidential informant to purchase a total of 14.7 grams of methamphetamine from Morgan. On September 9, agents executed a search warrant at Morgan's residence and seized marijuana plants, oxycontin pills, digital scales, two firearms, ammunition, and approximately $2,650 in cash.

Morgan later gave a statement to a Drug Enforcement Agency (DEA) agent about his participation in the drug conspiracy. Morgan told the agent, among other things, that he had been purchasing drugs from another dealer for fifteen years. He stated that he had purchased 1-ounce quantities of crystal methamphetamine from that dealer for "quite a while[.]" ROA Sentencing Tr. Vol. I at 9. Morgan estimated that he had purchased an average of one ounce per week "at least 50 times." *Id.*

Morgan thereafter pleaded guilty to three drug-conspiracy charges, including conspiracy to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. He also pleaded guilty to a firearms charge and two criminal-forfeiture charges. In his plea agreement, Morgan admitted that he had sold 14.7 grams of methamphetamine to the confidential informant. The agreement did not mention Morgan's statements to the DEA agent.

Prior to sentencing, the probation department prepared a Presentence Investigation Report (PSI). It did mention Morgan's statements, and calculated his offense level based on his admission to the DEA agent that he had purchased at least 50 ounces of methamphetamine from another dealer. Morgan objected to the PSI at sentencing, and argued that he should be held responsible only for the 14.7 grams (approximately half an ounce) he had admitted to selling in the plea agreement. That lower quantity would have reduced Morgan's base offense level by two levels. The district court overruled his objection and found Morgan responsible for conspiring to distribute 50 ounces or more of methamphetamine. The court then sentenced Morgan to 192 months' incarceration on the conspiracy charges and 120 months on the firearms charge, to be served concurrently.

This appeal followed.

II.

Morgan's sole argument on appeal is that the district court erred in finding him responsible for 50 ounces or more of methamphetamine. We review the court's finding for clear error. *United States v. Jeross*, 521 F.3d 562, 570 (6th Cir. 2008).

"A defendant is responsible for all drug quantities that are included within the scope of his 'relevant conduct,' as that term is defined by the United States Sentencing Guidelines Manual." *United States v. Gill*, 348 F.3d 147, 149 (6th Cir. 2003). In a drug-conspiracy case, relevant conduct includes all acts committed by the defendant or his co-conspirators "during the commission of the offense of conviction, [or] in preparation for that offense[.]" U.S.S.G. § 1B1.3(a)(1). A district court may consider drug transactions that did not occur within the time frame of the charged conspiracy if those transactions were "part of the same course of conduct or common scheme or plan[.]" *United States v. Nichols*, 979 F.2d 402, 413 (6th Cir. 1992). The district court's drug-quantity determination must be supported by a preponderance of the evidence. *Gill*, 348 F.3d at 151.

Here, the district court based its 50-ounce finding in part on Morgan's post-arrest admission to a DEA agent, as reflected in the agent's interview report, that he had purchased an average of one ounce of methamphetamine per week from a dealer "at least 50 times." Morgan argues, however, that he actually told the agent that those 50 purchases spanned 15 years and included ones for which he had already faced punishment. Morgan had not been released from prison on those previous offenses until September 2006, one year before he was arrested in this case. Morgan argues that the great majority of those purchases therefore cannot be considered part of the charged conspiracy.

Morgan further argues that the agent's report is consistent with this understanding of his admission, because it mentions the 15-year period before the "50 times" estimate.

Morgan has a point, albeit a limited one. The agent's investigation report is ambiguous; it is unclear whether Morgan's 50-ounce admission referred to purchases made after his release from prison, which might properly be considered part of the charged conspiracy here, or to ones made over a 15-year period, which in large part would not be so considered. The report alone, then, does not support the court's 50-ounce finding.

But the district court did not base its relevant-conduct determination solely on the agent's report. The agent also testified at Morgan's sentencing; and he stated that his "understanding [of Morgan's statement was] that the 50 purchases were made since the last time he'd gotten out of prison until the time we arrested him." The agent equivocated somewhat on cross-examination, stating that he was "not 100 percent sure" and "d[idn't] exactly remember[,]" but the district court nonetheless credited his testimony. The court therefore found that Morgan's admission referred to purchases he had made between September 2006, when he was released from prison, and September 2007, when he was arrested for the charged conspiracy. The court found that those purchases, which were from the same dealer involved in the conspiracy, were part of the same common scheme and were "fairly attributable [to Morgan] as it relates to relevant conduct[.]"

A preponderance of the evidence supports that finding. "We afford the district court's credibility determinations regarding witness testimony great deference." *Jeross*, 521 F.3d at 570 (internal quotation marks omitted). The district court here found the agent's testimony credible; and that testimony resolved the ambiguity in the agent's report. So resolved, the district court had before

it Morgan's admission that he had purchased 1-ounce quantities of methamphetamine "at least 50 times" after September 2006 from the same dealer involved in the charged conspiracy. Morgan did not testify at sentencing, and offered no evidence challenging that admission or suggesting that these drug quantities should not be attributed to him. The district court therefore did not err in finding Morgan responsible for 50 ounces or more of methamphetamine.

We affirm the judgment of the district court.